UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL LEE,

       Plaintiff,

      v.

SELECT PORTFOLIO SERVICING,
INC.,

       Defendant.

CIVIL ACTION NO.

1:16-CV-1080-CAP

## O R D E R

This matter is before the court on the plaintiff's objections [Doc. No. 42]

to the May 25, 2017, report and recommendation of the magistrate judge

[Doc. No. 36], which recommends that the defendant's motion for summary

judgment be granted and the plaintiff's remaining claims be dismissed.

## I.  Facts

The plaintiff executed a promissory note in the amount of $645,000.00

in favor of Accredited Home Lenders, Inc. to purchase property located at

8260 St. Marlo Fairway Drive, Duluth, Georgia 30097.  [Doc. No. 34-8 ¶ 1].

The defendant became the servicer of the loan in 2014.  *Id.* at ¶ 5.  On July

13, 2015, the defendant was appointed limited power of attorney and

obtained the authority and right to foreclose on the plaintiff's property.  *Id.* at

¶ 6.  The plaintiff first defaulted on his loan after 2008 but before 2010.  *Id.* at ¶ 7.

Before the defendant became the servicer of the loan, other servicers unsuccessfully sought to collect payments from the plaintiff and foreclose on the property.  *Id.* at ¶ 9.  A prior lawsuit in the Superior Court of Forsyth County is an example of at least one attempt to foreclose on the plaintiff's property.  *Id.* at ¶ 10.  That foreclosure was reversed because the security deed did not encumber all of the property.  *Id.* at ¶ 11.

A corrective warranty deed was issued in favor of the plaintiff on November 29, 2010, and recorded on December 8, 2010, which corrected the legal description of the property.  *Id.* at ¶ 12.  The Forsyth County Superior Court corrected the legal description of the property, reversed the 2009 foreclosure sale, reinstated the plaintiff as record title holder, and reinstated the security deed, which had been as assigned to US Bank as first-priority secured interest against the property.  *Id.* at ¶ 14.

Effective September 1, 2014, Ocwen Loan Servicing, a prior servicer of the loan, transferred the servicing rights of the plaintiff to the defendant.  *Id.* at ¶ 16.  The plaintiff did not make any payments on the loan while the defendant was the servicer and remained in default for years.  *Id.* at ¶ 18.

On March 15, 2015, the plaintiff executed a quitclaim deed in favor of Pershing Company ("Pershing") which granted 50% of the right, title, and interest in the property to Pershing. *Id.* at ¶ 19. The plaintiff claims to not know what Pershing is or who its principals are, and Pershing never paid the plaintiff for its share. *Id.* at ¶ 20. Regardless of this lack of information, the plaintiff signed the quitclaim deed. *Id.* at ¶ 21. The address listed on the quitclaim deed as Pershing's address is the plaintiff's sister's address which is also the plaintiff's current residence since December 2016. *Id.* at ¶¶ 22–23. The plaintiff claims that Pershing sharing an address with his sister is a coincidence and that he did not notice it when he signed the quitclaim deed. *Id.* at ¶ 24.

The plaintiff signed the quitclaim deed, but never received the money for the purported deal. *Id.* at ¶ 26. The plaintiff claims he "wasn't concerned" that Pershing did not pay, did not seek to cancel the quitclaim deed, and showed no concern that he had signed an agreement to transfer 50% of his property to Pershing, even though he cannot remember the name or how to get in contact with anyone at Pershing. *Id.*

In July 2015, the defendant sent the following worded letter to the

plaintiff:

### YOUR MORTGAGE HAS BEEN REFERRED FOR LEGAL ACTION

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, has referred your account for legal action. However, you may still be able to avoid foreclosure. **You May Still Have Alternatives to Foreclosure**

SPS may have previously sent you one or more letters advising you of possible alternatives to foreclosure. You can still be evaluated for alternatives to foreclosure even if you have previously shown no interest. You may have experienced an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments. If you provide us with information about your situation, we can determine whether you qualify for temporary or long-term relief, including options that allow you to stay in your home (forbearance, repayment, modification) or leave your home while avoiding foreclosure (short sale, deed-in-lieu of foreclosure).

Our previous letters include documents for you to complete and return to us to be evaluated for alternatives. Please contact us to obtain an application for a foreclosure alternative if you did not receive or no longer have this package, or have not returned all of the completed documents. You must submit a loss mitigation application package to SPS to request consideration for available foreclosure prevention alternatives.

If you are contemplating or have pending an appeal of an earlier denial of a modification application, you may re-submit your completed documents in lieu of your appeal by 08/29/2015, and SPS will re-evaluate your situation.

[Doc. No. 33-11]. The defendant intended to foreclose on the plaintiff's

property when it sent the July letter. [Doc. No. 34-8 ¶ 30]. The defendant

had the right to foreclose pursuant to the limited power of attorney granted by US Bank to the defendant regarding the plaintiff's property. *Id.* at ¶ 31. The defendant attempted to foreclose on the property multiple times, but the foreclosure sales had to be canceled because Pershing filed for bankruptcy just days before scheduled sales. The plaintiff brought this case pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## II.  Legal Standard

To challenge the findings and recommendations of the magistrate judge, a party must file with the clerk of court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The magistrate judge recommended that summary judgment be granted [Doc. No. 36]. The court, therefore, will review de novo those findings and recommendations of the report and recommendation to which objection has been made. *See Heath, supra*; *see also Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d 1352, 1381 n.2 (N.D. Ga. 2010). This court "may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Since the underlying motion in this case is for summary judgment, the court will also set forth the applicable legal analysis for resolving that motion. In deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. *Id.* at 247. Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* In order for factual issues to be "genuine" they must have a real basis in the record. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.*

## III. Analysis

First, the plaintiff objects that the magistrate judge should not have considered the defendant's new arguments and evidence presented in its reply brief. While the report and recommendation does not reflect reliance on

new evidence to support the granting of summary judgment to the defendant,
the court entered an Order [Doc. No. 44] permitting the plaintiff to file a sur-
reply, providing the plaintiff with the opportunity to address the arguments
and evidence he contends were first raised in the defendant's reply.  The
plaintiff has since filed his sur-reply [Doc. No. 47], which the court has
considered as to the defendant's motion for summary judgment and the
magistrate judge's report and recommendation.  Therefore, the court will
overrule the plaintiff's objection that the magistrate judge improperly relied
on new arguments and evidence as moot.

Next, the plaintiff objects to the magistrate judge's interpretation of a
2013 order of the Superior Court of Forsyth County and to the question of the
defendant's legal interest in the property.  In January 2013, the Forsyth
County Superior Court reversed a previous foreclosure against the plaintiff.
The court's order reversed a 2009 foreclosure, corrected the legal description
of the property, and reinstated the March 12, 2004, security deed.  The
magistrate judge's report and recommendation states that US Bank held the
first-priority security interest as of the date of the court's order.

However, the plaintiff objects and interprets the Forsyth Superior
Court's order to mean that US Bank no longer had a legal interest in the
property.  He argues that the magistrate judge improperly read US Bank's

security interest into the Forsyth County Superior Court's order because the order did not determine whether the 2008 assignment to US Bank is valid. Therefore, the plaintiff argues that neither US Bank nor the defendant has the right to foreclose on his property because the assignment is invalid.

But regardless of whether the plaintiff's or the magistrate judge's interpretation of the Forsyth County Superior Court order is correct, the plaintiff has no standing to allege that the defendant does not have the right to foreclose on the property based on the validity of the assignment. The assignment at issue is a contract, and the plaintiff is not a party to the contract. The proper party to bring a suit would be another party to the assignment. The plaintiff has no right to "contest the validity of the assignment." *Montgomery v. Bank of Am.*, 740 S.E. 2d 434, 438 (Ga. Ct. App. 2013).[1]

The plaintiff's final objection is to the magistrate judge's finding under the "least sophisticated consumer" analysis that the July 2015 letter threatening "legal action" could not have been interpreted as threatening a

---

[1] The magistrate judge also reached this conclusion in the report and recommendation [Doc. No. 36 at 22]. Although the plaintiff's sur-reply [Doc. No. 47] was filed afterwards, it merely provides additional assertions that the assignment to US Bank is invalid based on the Superior Court Order. Because none of these arguments alter the plaintiff's lack of standing to challenge the validity of the assignment, the magistrate judge's reasoning and conclusion are unaffected by the plaintiff's sur-reply.

lawsuit.  By contrast, the plaintiff argues that the least sophisticated consumer would understand the July 2015 letter to be threatening a lawsuit and not a non-judicial foreclosure.  Georgia is a non-judicial foreclosure state and allows a mortgagee to foreclose without an action in court.  *See* O.C.G.A. § 44-14-160–62.

The plaintiff argues that the foreclosure notice sent by the defendant could be interpreted by the least sophisticated consumer as the defendant improperly threatening a lawsuit.  The notice mentions the phrase "legal action" twice, once in the title of the document and the second in the first paragraph.  The document mentions foreclosure seven times.

The least sophisticated consumer would not be misled by this foreclosure notice.  "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *In re Cheaves*, 439 B.R. 220, 223 (M.D. Fla. Nov. 8, 2010).  "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ."  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).  The letter sent to the plaintiff mentions foreclosure many times.  Other than using the phrase

"legal action," there is nothing in the letter that contemplates a lawsuit.  The

least sophisticated consumer test contains an objective portion to avoid

bizarre interpretations of a debt collection.  The plaintiff argues that the

defendant's letter would deceive the least sophisticated consumer.  Reading

the letter as a whole, the least sophisticated consumer would not interpret it

to mean that the defendant meant to file a lawsuit against the plaintiff.

Instead, the letter explains that the defendant seeks a foreclosure, and the

least sophisticated consumer would understand that the defendant sought a

foreclosure.  No genuine issue of material fact exists as to the interpretation

of the July 2015 letter under the least sophisticated consumer analysis.

## IV.  Conclusion

The plaintiff's objections [Doc. No. 42] are OVERRULED.  After

carefully considering the report and recommendation [Doc. No. 36] of the

magistrate judge, the objections thereto, and the plaintiff's subsequent sur-

reply in opposition to summary judgment, and having reviewed the matter de

novo, the court receives the report and recommendation with approval and

ADOPTS it as the opinion and order of this court.[2]

**SO ORDERED** this   13th  day of September, 2017.

---

[2] As noted in footnote 1 above, because the plaintiff's sur-reply does not alter
the reasoning or the conclusion of the magistrate judge's report and
recommendation, the court adopts it as filed.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge